VAN NORTWICK, J.
The State appeals the trial court’s order granting the motion of Melissa Hope Williams, appellee, to dismiss the information. In the information, the State alleged that Ms. Williams failed to notify the State of her address change as required by section 943.0435, Florida Statutes (2008) pursuant to her designation as a “sexual offender” under section 943.0435(l)(a)lb, Florida Statutes (2008). The trial court ruled that the registration requirement of section 943.0435(l)(a)l distinguishes between adult and juvenile sex offenders and that Ms. Williams was not obligated to register under the juvenile registration provisions. We agree and affirm.
In 2005, Ms. Williams moved to Florida from Michigan where she had been adjudicated delinquent and required to register as a sex offender. She was thirteen years old at the time of her adjudication for a misdemeanor sexual offense that occurred when she was approximately eleven years old. Ms. Williams registered her address with the Florida Department of Motor Vehicles when she first moved to Florida, but failed to reregister when she changed residences in approximately May 2009. In granting her motion to dismiss, the trial court ruled that under section 943.0435(l)(a)ld, Ms. Williams was not a “sexual offender” required to register since she was under the age of fourteen at the time of the underlying offense and the adjudication occurred before 2007, the year subparagraph d of the statute took effect.
The State argues the trial court erred by applying subsection d of section 943.0435(l)(a)l, rather than subsection b of *432 the statute. Subsection b defines “sexual offender” for the purpose of the registration requirement as “any person” who was designated as a sexual offender and required to register as such in another state. We agree with the trial court that only subsection d of section 943.04S5(l)(a)l applies to juvenile offenders.
Section 943.0485(l)(a)l defines the term “sexual offender” as a person who meets any of the criteria in subparagraphs a through d of the statute. Under these provisions, a person is a “sexual offender” when that person:
a. has been convicted of committing or attempting one of the offenses listed in certain statutory provisions;
b. is a resident of Florida and has been designated a sexual predator, a sexually violent predator, or “by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration”;
c. is a resident of this state or another and has been convicted, in this state or another, of kidnapping of a child, false imprisonment of a child, or luring a child by an adult for an unlawful purpose; or
d. as of July 1, 2007, has been adjudicated delinquent for committing, attempting, soliciting or conspiring to commit certain criminal offenses[1] in this state or another jurisdiction when the juvenile was 14 years of age or older.
The issue before us is whether Ms. Williams was required to register as a sex offender under the provisions of subpara-graph b, or whether subparagraph d is the only authority under which persons convicted as juveniles are required to register.
In K.J.F. v. State, 44 So.3d 1204 (Fla. 1st DCA 2010), this court considered the question of whether a juvenile, who was not adjudicated delinquent but who was placed under the supervision of the Department of Juvenile Justice, was required to register as a sex offender. Because the plain language of subparagraph d applies only to a person “adjudicated delinquent” and because there is no other provision specifically providing that a juvenile whose adjudication is withheld must register as a sex offender, we held that the child in K.J.F. was not required to register. Id. at 1211. In so holding, we noted the longstanding premise of Florida law that, as a general rule, juveniles are to be treated differently from adults. This court observed:
In 2007, the Legislature expanded the definitions of both “sexual offender” and “convicted” in section 943.0435 so that certain juvenile offenders would be required to register as sexual offenders. Ch. 2007-209, Laws of Fla. In expanding the definition of “convicted,” the Legislature simply added adjudications of delinquency as a category additional to the pre-existing language pertaining to determinations of guilt in adult trials. Therefore, the existence of the phrase “regardless of whether adjudication is withheld” in connection with the portion of the definition pertaining to adults does not mean that the Legislature intended for this same language to apply to juveniles.
The State’s position that such language was clearly intended to apply to juveniles also ignores the principle noted in E.A.R. [E.A.R. v. State, 4 So.3d 614, 617 *433 (Fla.2009) ] that “Florida’s treatment of juvenile delinquency is largely sui gen-eris.”
44 So.3d at 1208-09 (bold added); see generally, Earl F. Martin & Marsha Kline Pruett, The Juvenile Sex Offender and the Juvenile Justice System, 35 Am.CRIm. L.Rev. 279 (1998) (supporting policy of treating juveniles differently under the law).
Only subparagraph d of section 943.0435(l)(a)l applies to juveniles. If registration is not required by the explicit terms of that particular subparagraph, then a juvenile is not obliged to register. Because Ms. Williams’ adjudication of delinquency occurred in 2000, at the age of thirteen, she was not required to register under the express terms of subparagraph d. This construction is consistent with the statement of intent adopted when subpara-graph d was enacted. The Legislature explained that, by this subparagraph, it was creating “conditions under which juveniles are designated as sexual offenders.” Ch. 07-209, § 2, Laws of Fla. Legislative intent is the polestar that guides statutory interpretation. Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006).
Regarding the intent in Florida law to distinguish juveniles from adults, the decision of the Florida Supreme Court in State v. J.M., 824 So.2d 105 (Fla.2002), is instructive. In J.M., the Court held that “an adjudication of delinquency does not constitute a felony criminal conviction for purposes of adjudicating a person to be a sexual predator under the Florida Sexual Predators Act.” J.M., 824 So.2d at 107-08. In J.M., a fourteen year old juvenile was charged as an adult with sexual battery. He pled nolo contendere, and the trial court, in its discretion, adjudicated the juvenile as delinquent. Id. at 108. Had section 943.0435(l)(a)ld been in effect at the time, the juvenile may have met the definition of a “sexual offender,” given that he was fourteen years old and had been adjudicated delinquent. Importantly, the J.M. court recognized that “a juvenile adjudication of delinquency will not give rise to the same consequences as an adult conviction unless the Legislature has expressly stated otherwise.” Id. at 114 (bold added).
As noted, it was not until July 1, 2007, that the Legislature expressly stated otherwise. In adopting subsection d, the Legislature limited its application to a juvenile who committed an offense when he or she was 14 years of age or older. Here, Mrs. Williams was only thirteen years of age at the time of her adjudication. While some juveniles were registered as sex offenders before 2007,[2] the adoption of sub-subparagraph d clarifies instances in which registration by juveniles is required. Additionally, as the J.M. court noted, the Legislature has been specific when it intends a statute to apply to both “convictions” and “adjudicated delinquencies.” See id. at 111; see also K.J.F., 44 So.3d at 1209.
AFFIRMED.
DAVIS and CLARK, JJ., concur.

. These certain criminal offenses are serious felony offenses: sexual battery, lewd and lascivious battery on a child under 12 years of age when force or coercion is used, lewd and lascivious molestation of unclothed genitals of a child less than 12 years of age by a person under the age of 18, or lewd and lascivious molestation of a child less than 12 by a person over the age of 18.

. Ms. Williams originally registered as a sex offender in Florida on or about December 7, 2005, prior to the enactment of section 943.0435(l)(a)ld.