GRIFFIN, J.
Noel Acevedo [“Acevedo”] appeals the denial of his rule 3.850 motion for post-conviction relief.
In January 2011, Acevedo entered written pleas to:
No. 10-CF-1198 — Failure To Comply w/ Sex Offender Reporting Requirements
No. ll-CF-5 — Driving While License Cancelled/Suspended/Revoked (Habitual Offender)
He was sentenced to concurrent thirty-five month DOC terms. In the first case, he was sentenced as a sexual offender. He did not appeal.
In July 2012, he filed a rule 3.850 motion asserting ineffective assistance of trial counsel. Acevedo contended that his *720 counsel misadvised him regarding the charge of “Failure To Comply with Sex Offender Reporting Requirements” and that, based on the misadvice, he entered into a plea to a crime “he could not have committed” because he was a juvenile when convicted. Relying on State v. Williams, 75 So.3d 481 (Fla. 1st DCA 2011), he contends that there was no reporting requirement under Florida law for a juvenile with his status. § 943.0435(l)(a), Fla. Stat. (2012). He has also filed a letter from the Florida Department of Law Enforcement informing him that they have reviewed his case and they have determined that he does not meet the criteria for registration.
The State concedes that the conviction for failing to comply with sex offender reporting requirements must be set aside. The State disputes, however, that trial counsel was ineffective because the First District’s Williams opinion was not decided until approximately eleven months after his plea and sentence. The State suggests that counsel could not have been ineffective for failing to anticipate a change in the law. In our view, Williams does not represent a change in the law, merely the application of the statute. We vacate the judgment and sentence on the count of failure to comply with sex offender reporting requirements and remand for resen-tencing, if appropriate.
Judgment and sentence VACATED and REMANDED.
ORFINGER, C.J. and COHEN, J., concur.