SLEET, Judge.
Charles Thomas Edwards Bish appeals the final order, entered after an evidentia-ry hearing, that denies his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Bish raised three grounds for relief that challenged his conviction for failing to register as a sexual offender. Because Bish was not required to register as a sexual offender under section 943.0435, Florida Statutes (2009), we reverse the postconviction court’s order and remand for the court to vacate Bish’s judgment and sentence.
On October 23, 1992, Bish, who was seventeen at the time, was adjudicated delinquent for the offense of child rape in Washington and was required to register as a sexual offender. In 1997, Bish moved to Florida and registered as a sexual offender. He continued to register until 2009. In 2010, he was arrested for failing to register as a sexual offender from March 1, 2010, through April 15, 2010. Based on advice from counsel, he pleaded guilty and was placed on five years’ probation. On October 25, 2011, after violating probation, the circuit court revoked his probation and sentenced him to thirty months’ prison.
In his postconviction motion, Bish alleged that he was not required to register *452 as a sexual offender because he was a juvenile at the time of the crime and, thus, could not be convicted of failing to register as a sexual offender under section 943.0435(1)(a)(1)(d). He argues that counsel was ineffective for advising him to plead guilty to a crime he could not have committed. In support of his motion, Bish attached a copy of a Florida Department of Law Enforcement (FDLE) letter dated March 29, 2012. In the letter, the FDLE cited State v. Williams, 75 So.3d 431 (Fla. 1st DCA 2011), and informed Bish that he was no longer required to register as a sexual offender and that his name had been removed from the registry. The postconviction court held a hearing on Bish’s motion and denied it on January 23, 2013.
We agree with the First District that only subparagraph d of section 943.0435(1)(a)(1) applies to juvenile offenders. Williams, 75 So.3d at 433. Here, although Bish was seventeen when he was adjudicated delinquent in Washington, he was not adjudicated on or after July 1, 2007, but in 1992. The State concedes that the postconviction court erred when it denied Bish’s motion because Bish was not required to register as a sexual offender. See Acevedo v. State, 108 So.3d 719 (Fla. 5th DCA 2013). Therefore, we reverse the postconviction court’s order and remand for the court to vacate Bish’s judgment and sentence.
Reversed and remanded with instructions.
ALTENBERND and KHOUZAM, JJ„ Concur.