EVANDER, J.
M.B. was adjudicated delinquent of four counts of lewd or lascivious molestation of two children under the age of twelve, in violation of section 800.04(5)(c)l, Florida Statutes (2012). At the time of the offenses, M.B. was fourteen years old. The trial court expressly found that M.B. had touched clothed, rather than unclothed, parts of the victims. At the disposition hearing, the trial Court determined, over objection, that M.B. would be required to register as a sexual offender. We reverse this part of the trial court’s disposition order.
Section 943.0435(l)(a)l.d., Florida Statutes (2012), sets forth the offenses and conditions under which a juvenile adjudicated delinquent is subject to sexual offender registration requirements:
d. On or after July 1, 2007, has been adjudicated delinquent for committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction when the juvenile was 14 years of age or older at the time of the offense:
(III) Section 800.04(5)(c)l. where the court finds molestation involving unclothed genitals;....
This subsection must be strictly construed. State v. J.M., 824 So.2d 105,114 (Fla.2002) (finding that juvenile adjudication of delinquency will not give rise to same consequences as adult conviction unless Legislature has expressly stated otherwise); see also State v. Williams, 75 So.3d 431, 433 (Fla. 1st DCA 2011) (recognizing that only subparagraph d of subsection is applicable to juveniles and “[i]f registration is not required by the explicit terms of that particular subparagraph, then a juvenile is not obliged to register”).
Here, as the State properly concedes, M.B. could only be required to register as a- sexual offender for violations of section 800.04(5)(c)l. if the court found molestation involved unclothed genitals. Because the trial court did not make this finding (and, indeed, found to the contrary), it was error to impose a sexual offender registration requirement on M.B.
We further observe that there is a scrivener’s error in the trial court’s Second Amended Findings on Specified Sex Offenses that needs to be corrected on remand. The trial court’s written findings indicate that the victims were fourteen years old at the time of the offenses. However, the trial court had previously made an oral pronouncement, consistent with the uncontroverted evidence, that the victims were under the age of twelve when M.B. committed the charged crimes.
REVERSED and REMANDED.
COHEN and EDWARDS, JJ., concur.